609 P.2d 1136 (1980)
101 Idaho 145
WESTERN CONSTRUCTION, INC., an Idaho Corporation, Plaintiff-Appellant,
v.
OREGON-SOUTHERN IDAHO AND WYOMING DISTRICT COUNCIL OF LABORERS AND LABORERS LOCAL UNION 267, Defendants-Respondents.
No. 13043.
Supreme Court of Idaho.
April 18, 1980.
*1137 Phillip S. Oberrecht, of Moffatt, Thomas, Barrett & Blanton, Boise, for plaintiff-appellant.
Byron J. Johnson, Boise, for defendants-respondents.
DONALDSON, Chief Justice.
Western Construction, Inc. (hereinafter referred to as "employer") appeals a decision of the district court which rendered summary judgment in favor of Oregon-Southern Idaho and Wyoming District Council of Laborers, Local 267 (hereinafter referred to as "union"). We affirm the summary judgment and the arbitrator's award in favor of the union.
Employer and the union are signatories to a collective bargaining agreement with jurisdictional limits covering the southern portion of Idaho. The collective bargaining agreement provides for the resolution of *1138 disputes between employer and union by means of a grievance procedure ending in binding arbitration. During 1976, the employer and union engaged in a dispute over the necessity for employing "chuck tenders" whenever "air-trac" drills were used. A chuck tender assists a drill operator by changing drill bits and drill steel; the drill operator, in turn, is employed to drill holes in rock for the purpose of blasting.
The union claimed that whenever the employer used an air-trac drill, the employer was required, under the agreement, to dispatch a chuck tender to accompany and work with the air-trac drill operator. The employer argued that chuck tenders were not required to be sent to every situation where the use of an air-trac drill was necessary, but only in those situations involving a deep drilling job.
The union, with the knowledge of the employer, referred the dispute to a Board of Adjustment, pursuant to Article XIII of the collective bargaining agreement. The issue submitted for arbitration was whether a chuck tender was required on air-trac drills when in use or operation. The Board of Adjustment reached an impasse on this issue, and it appointed an impartial chairman who rendered his decision, finding that a chuck tender was required on every occasion when an air-trac drill was used. An award in favor of the union was subsequently issued.
Following issuance of the chairman's award, the employer filed suit in the Fourth Judicial District Court, seeking a vacation of the arbitrator's award on grounds that the arbitrator had exceeded his authority and had rendered a decision which was arbitrary and capricious, in violation of the employer's right to due process of law. The parties then stipulated to a change of venue and the case was transferred to the Sixth Judicial District Court.
Prior to trial, both employer and union filed motions for summary judgment. In support of its summary judgment motion, the employer submitted the affidavit of Mr. Boyd Christensen, president of the employer company. Christensen stated that a chuck tender was used only if the holes being drilled were more than twelve feet long. If the holes being drilled were less than ten to twelve feet long, there was no necessity for changing the drill steel, and the chuck tender would have no work to do. The district court then issued its memorandum and order on the motions, denying the employer's motion for summary judgment and granting the union's. The employer then filed its appeal to this Court.
In determining whether the arbitrator exceeded his authority by granting an award in favor of the union, we must apply federal labor law in reaching our decision.[1] Where the parties have entered into an agreement which calls for arbitration as a means of settling a dispute, the court's scope of review is limited. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 567-68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1406-07 (1960).
Under the Federal Arbitration Act, 9 U.S.C. § 10(d) (1970), an arbitrator's award involving neither misconduct nor corruption on the part of the arbitrator can be set aside only where the arbitrator has exceeded his powers or so imperfectly executed them that a final and definite award was not made. Western Electric Co. v. Communications Workers of America, 450 F. Supp. 876, 881 (E.D.N.Y. 1978). Whether an arbitrator has exceeded the scope of his authority can be decided only by determining whether his award "drew its essence" from the collective bargaining agreement. *1139 United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960). An arbitrator's award draws its essence from the collective bargaining agreement
"so long as the interpretation can in some rational manner be derived from the agreement, `viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.'" Amoco Oil Co. v. Oil, Chemical & Atomic Workers International Union, 548 F.2d 1288, 1294 (7th Cir.1977), cert. denied, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969).
The collective bargaining agreement from which an arbitrator's award draws its essence is to be interpreted expansively, not restrictively. International Association of Machinists v. Texas Steel Co., 538 F.2d 1116, 1121 (5th Cir.1976); see United Steelworkers of America v. United States Gypsum Co., 492 F.2d 713, 731-32 (5th Cir.1974), cert. denied, 419 U.S. 998, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974).
In making his award, the arbitrator is not confined to the express provisions of the collective bargaining agreement. He may also rely on the practices of the industry and the shop, United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581-82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409, 1416-17 (1960) as well as the parties' intentions revealed through their bargaining history, past practices, rights established under earlier agreements, and other sources of contract construction. Western Electric Co. v. Communications Workers of America, supra at 882 (and cases cited therein). Thus, as long as the arbitrator's award has some rational basis stemming from the collective bargaining agreement, it will be construed as drawing its essence from that agreement and this Court will uphold it.
Our review of the record indicates such a rational basis. While the collective bargaining agreement contemplated the use of chuck tenders as indicated by the job classification schedule, it did not expressly indicate when chuck tenders would be required. The arbitrator was justified in interpreting the bargaining agreement to require chuck tenders whenever air-trac drills were used. The impartial chairman concluded that the presence of chuck tenders in the work schedule was meaningless in the context of the agreement unless the manning assignment was a requirement. While a court of law or one of the parties to the agreement might interpret the contract differently, such a variance in interpretation is not grounds for reversing the arbitrator's award:
"[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." United Steelworkers of America v. Enterprise Wheel & Car Corp., supra, 363 U.S. at 599, 80 S.Ct. at 1362.
Applying the standard of review in an expansive manner, we agree with the district court that the arbitrator's award drew its essence from the collective bargaining agreement because it was rationally related to it. We therefore affirm the district court's conclusion that the award did not exceed the arbitrator's authority. Since summary judgment was awarded on this basis, and the parties had previously stipulated that there were no genuine issues of material fact on any other issues, the grant of summary judgment in favor of the union is likewise affirmed. Attorney's fees are denied to both parties. Judgment affirmed with costs to respondent.
SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.
NOTES
[1] As noted by respondent in its appellate brief, the collective bargaining agreement at issue here was recognized by both the employer and the union as a contract between an employer and a labor organization representing employees in an industry affecting commerce. Under various sections of the Labor Management Relations Act, e.g., 29 U.S.C. §§ 141-144, 151-158, 159-167 and 171-187, federal law governs this action even though the action was brought in state court.